ELIZABETH M. VARELA
HARRIS, GANNETT & VARELA, PLLC
3936 Avenue B, Suite D
Billings, MT  59102
Telephone:   (406) 294-2000
Fax:      (406) 294-2010
liz@hgvlawfirm.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| MARILYN MARCHINEK, | Cause No. CV 17-70-BLG-SPW-TJC |
| Plaintiff, | |
| -vs- | **SECOND AMENDED COMPLAINT** |
| SAFECO INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

COMES NOW Marilyn Marchinek and for her claims for relief against defendant Safeco Insurance Company of America alleges as follows:

### JURISDICTION AND VENUE

1.     Marilyn Marchinek owns a home located at 2507 Howard Avenue, Billings, Montana 59102.

2. Defendant Safeco Insurance Company of America ("Safeco") is an insurance company licensed to do business in Montana. Safeco is a Liberty Mutual Company and has its principal place of business at 175 Berkeley Street, Boston, Massachusetts, 02116.

3. Jurisdiction and venue are proper in this Court.

## COUNT I:  BREACH OF CONTRACT

4. Safeco issued Insurance Policy No. OM2546915 (the "Policy") to Marilyn Marchinek. The Policy insured Ms. Marchinek for the damage to her home caused by a severe hail storm on May 21, 2016. The hail damage to Ms. Marchinek's roof, siding, gutters, fences, shed, windows, etc. was so extensive that they have had to be replaced or still need to be replaced.

5. There is a special relationship between Ms. Marchinek and Safeco.

6. Under the terms of its Policy, Safeco owes Ms. Marchinek for the full replacement cost of the damage caused to her home by the hail storm, plus prejudgment interest on that amount.

7. Safeco has breached its insurance contract with Ms. Marchinek by failing to pay her the insurance proceeds she is entitled to under the Policy.

8. Safeco's breach of the Policy has caused Ms. Marchinek damages. Safeco is liable to Ms. Marchinek for all of the damages caused by its breach of the Policy in an amount to be proven at trial.

## COUNT II:  VIOLATIONS OF MONTANA'S
## UNFAIR TRADE PRACTICES ACT

9. Paragraphs 1-8 of this Complaint are hereby incorporated by reference as if set forth fully herein.

10. As an insurer doing business in Montana, Safeco had the duty to understand and apply the terms of the Policy in accordance with applicable law and to handle the claims arising under the Policy in accordance with the UTPA.

11. Safeco has violated the following provisions of the Montana Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. § 33-18-101 *et al.*:

    a. <u>Mont. Code Ann. § 33-18-201(1)</u>:

        i. Safeco has mispresented pertinent facts or insurance policy provisions relating to coverages at issue by making such representations as stating that the estimated cost of covered repairs to Ms. Marchinek's home is calculated using current local prices that are usual and customary.

    b. <u>Mont. Code Ann. § 33-18-201(4)</u>:

        i. Safeco has refused to issue payment for the replacement value to repair the hail damage to Ms. Marchinek's home without conducting a reasonable investigation based upon all available information.  For example, on several occasions Safeco has refused to

discuss with Ms. Marchinek and her contractor the scope and cost of the work that needs to be completed.

ii.    Rather than sending a local, reputable contractor to conduct a detailed inspection of the hail damage, Safeco initially simply refused to pay for certain damaged items without conducting any investigation.

iii.   Rather than investigating local market pricing to repair and replace the damaged parts of Ms. Marchinek's home, Safeco has relied solely on its claim estimation computer software, which software does not take into account RTA (real, true, and accurate) pricing. Safeco has manipulated its software to create extremely low prices to estimate the value of Ms. Marchinek's claim.

c.    <u>Mont. Code Ann. § 33-18-201(6)</u>:

i.    Safeco has admitted liability, yet it has neglected to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Ms. Marchinek's hail damage claim by engaging in delay and stall tactics and refusing to settle the claim for the full reasonable value to pay for the hail damage to Ms. Marchinek's home.

ii.   After Safeco had already breached the Policy by failing to pay the full replacement value of the claim, Safeco tried to invoke the

costly and time-consuming appraisal process against Ms. Marchinek to settle the claim on Safeco's terms. Safeco did so knowing that Ms. Marchinek could not afford the time or expense of the process. Safeco invoked the Appraisal provision of the Policy to stall payment of the claim and force Mrs. Marchinek to settle for substantially less than the claim is worth by trying to make her incur significant expenses during the appraisal process.

12. Safeco's bad faith handling of Ms. Marchinek's claim violates the UTPA and has caused Ms. Marchinek to suffer damages in an amount to be determined at trial, including damages for emotional distress.

13. Safeco's conduct rises to the level of actual malice under Montana law, and justifies the assessment of punitive damages against Safeco.

WHEREFORE, having set forth her claim for relief against defendant Safeco, Ms. Marchinek prays:

1. That judgment be entered against the defendant and for the plaintiff for all damages she is entitled to recover under Montana law;

2. That judgment be entered requiring Safeco to pay all benefits due and losses sustained by Ms. Marchinek as a result of Safeco's breach of contract;

3. For interest, including pre-judgment interest, on all past due amounts awarded herein;

4. For compensation sufficient to make Ms. Marchinek whole for all harm she has suffered as a result of Safeco's violations of UTPA, including emotional distress;

5. For the plaintiff's attorney fees costs as permitted by law;

6. For punitive damages sufficient to make an example of Safeco's wrongful conduct directed at Ms. Marchinek and to deter similar wrongful acts in violation of the UTPA; and

7. For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all triable issues.

DATED this 25th day of July, 2017.

        HARRIS, GANNETT & VARELA, PLLC

        By /s/ Elizabeth M. Varela
          ELIZABETH M. VARELA
          3935 Avenue B, Suite D
          Billings, MT  59102
        Attorneys for Plaintiff