IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARILYN MARCHINEK,<br><br>Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CV 17-70-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is Defendant Safeco Insurance Company of America's ("Safeco") Rule 56 Motion for Summary Judgment (the "Motion"). (Doc. 19.) Having reviewed the parties' briefs and attendant exhibits, and for the reasons set forth below, the Court makes the following findings and recommendations.

## I. Pertinent Facts

A hail storm damaged Plaintiff's house on May 21, 2016. (Doc. 23 at 1.) Safeco covered Plaintiff under Homeowners Policy No. OM2546915 (the "Policy"), which provided insurance coverage for the hail damage. (*Id*. at 2.) Plaintiff filed a claim for the hail damage, and Safeco issued a payment of $8,017.07 on June 2, 2016, representing Safeco's initial estimate of the loss, less Plaintiff's deductible and depreciation. (*Id*.; Doc. 21-2 at 2-3.)

1

Plaintiff hired Big Sky Contractors ("Big Sky") to complete repairs to her home. Big Sky provided a number of increasing estimates to Safeco between June, 2016, and January, 2017, which ranged from $49,741.29 on June 24, 2016, to a final estimate of $83,615.57 on January 18, 2017. (*Id*. at 2-3; Doc. 21-2 at 3, 5.) Though Safeco refused to accept Big Sky's estimates in full, it conducted additional inspections of the property, and issued several supplemental payments to Plaintiff, ultimately totaling $29,600.07. (*Id*. at 4; Doc. 21-2 at 4-5)

After receiving Plaintiff's final estimate on January 18, 2017, Safeco invoked an appraisal clause (the "Appraisal Clause") in the Policy on January 27, 2017. The Appraisal Clause provides:

> 7. **Appraisal.** If you and we do not agree on the amount of the loss, including the amount of *actual cash value* or *replacement cost*, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the *actual cash value* or *replacement cost* of each item, and, failing to agree, shall submit their differences, only, to the umpire. An aware in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.
>
> Each party will:
>
> a. pay its own appraiser; and
> b. bear the other expenses of the appraisal and umpire equally.

2

(Doc. 21-1 at 29 (emphasis in original).) The Policy has an additional provision that "[n]o action shall be brought against us unless there has been compliance with the policy provisions and the action is started within one year after the inception of loss or damage." (*Id*.; the "No Action Clause.")

Though there is some dispute between the parties as to why Plaintiff refused to comply with the Appraisal Clause, there is no dispute that she communicated to Safeco her refusal to comply, and initiated this suit prior to any appraisal. (Doc. 23 at 6.)

Plaintiff filed this action on March 28, 2017 in Montana Thirteenth Judicial District Court. (Doc. 7.) Safeco removed the action on May 25, 2017, citing this Court's jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1.) Plaintiff then filed her Second Amended Complaint ("the Complaint") on July 25, 2017. (Doc. 15.)

Count I of the Complaint alleges a claim for breach of contract based on the Safeco insurance policy issued to the Plaintiff. Count II asserts a claim for alleged violations of Montana's Unfair Trade Practices Act ("UTPA"), Mont Code Ann. § 33-18-101, *et seq*. Safeco now moves for summary judgment as to both counts of the Complaint.

**II.     Parties' Arguments**

Safeco argues that summary judgment is proper as to each of Plaintiff's claims because the undisputed facts demonstrate that Plaintiff refused to comply

3

with the Appraisal Clause, and the No Action Clause operates to bar any suit against Safeco unless the insured has complied with the Policy.

Plaintiff responds that summary judgment is improper because (1) Plaintiff has since agreed to comply with the appraisal clause, and (2) there is a question of fact as to whether Safeco invoked the appraisal clause in a timely fashion. Next, Plaintiff argues that, even if summary judgment were proper as to Count I of the Complaint alleging breach of contract, the No Action Clause cannot justify summary judgment as to Count II of the Complaint alleging extra-contractual statutory violations. Finally, Plaintiff argues that any claims dismissed on summary judgment should be dismissed without prejudice, which would allow her to raise the claims again if the appraisal process does not resolve the parties' dispute.

### III. Legal Standard

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id*. "Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The opposing party cannot defeat summary judgment merely by

demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.") (citing *Anderson*, 477 U.S. at 252).

When making this determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita*, 475 U.S. at 587. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact. *Kennan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co. of Am., 55 F.3d 247, 251 (7th Cir. 1995)).

**IV.    Discussion**

    **A.    Summary Judgment as to Count I: Breach of Contract**

The Montana Supreme Court has upheld the validity and enforceability of

appraisal clauses substantially the same as the policy provision at issue here, and has held that "summary judgment [is] proper where an appraisal [has] been invoked but the insured did not comply before filing a complaint." *Dunn v. Way*, 786 P.2d 649, 652 (Mont. 1990) (citing *Garretson v. Mountain West Farm Bureau Mut. Ins. Co.*, 761 P.2d 1288 (Mont. 1988)). Plaintiff does not dispute this general rule, but she argues that it should not be enforced against her for two reasons.

First, she argues that Safeco's summary judgment motion is now moot because she has agreed to comply with the appraisal process. (Doc. 22 at 5-6.) Plaintiff does not offer any support for this argument, and the Court finds it unpersuasive. Had Safeco filed a motion to compel Plaintiff to comply with the appraisal clause, Plaintiff may be correct that her after-the-fact acquiescence would moot Safeco's motion. But that is not the motion Safeco has filed. Plaintiff's agreement, at this point, to comply with the Appraisal Clause does not cure the alleged deficiency in filing her complaint prior to complying with the requirements of the clause. As the Montana Supreme Court explained in *Garretson*, "the dispute deals with the amount of loss and the insurance contract clearly provides for an appraisal of such dispute. The parties must comply with the appraisal process before filing a complaint." 761 P.2d at 1291.

Plaintiff next argues that summary judgment should be denied because there exists a genuine issue of material fact as to whether Safeco waited too long to

7

invoke the appraisal clause. (Doc. 22 at 6-8.) Plaintiff cites to *School Dist. No. 1 of Silver Bow Co. v. Globe & Republic Ins. Co. of Am.*, 404 P.2d 889, 893 (Mont. 1965) for the proposition that "[w]hen a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss." Plaintiff then points to the thirty-day prescribed claims-handling period in Mont. Code Ann. § 33-18-232, and suggests that thirty days constitutes a "reasonable time" under *Globe*. Since Safeco did not invoke the Appraisal Clause within thirty days of Plaintiff's initial claim, Plaintiff reasons there is a fact issue as to whether the Appraisal Clause was timely invoked.

The Court is not persuaded. First, Plaintiff has provided no authority to suggest that Mont. Code Ann. § 33-18-232 was intended to govern reasonableness in this context, and Plaintiff has not identified any other authority to support her thirty-day reasonableness period. Nevertheless, even assuming Mont. Code Ann. § 33-18-232 is applicable here, it is undisputed that Safeco provided its first estimated loss payment to Plaintiff within two weeks of the date of the hail storm. (Doc. 23 at ¶ 6; Doc. 21-2 at 2-3.) That Plaintiff declined to accept that valuation does not negate the fact that Safeco remitted payment for its initial valuation within thirty days.

Moreover, as Safeco points out, Mont. Code Ann. § 33-18-232 expressly "does not eliminate an insurer's right to conduct a thorough investigation of all the facts necessary to determine payment of a claim." Mont. Code Ann. § 33-18-232(1). The undisputed facts demonstrate that Plaintiff and Safeco exchanged several estimates and offers throughout the latter half of 2016, and that Safeco continued to investigate Plaintiff's claim in response to Big Sky's escalating estimates, and increased its estimate accordingly. (Doc. 21-2 at ¶¶ 11, 13.) Plaintiff did not send her final $83,615.57 estimate until January 18, 2017. In response, Safeco invoked the Appraisal Clause on January 27, 2017. (Doc. 21-2 at ¶¶ 19, 20.)

"Whether a demand for appraisal has been made within a reasonable time depends upon the circumstances of each case." *Globe*, 404 P.2d at 893. Though Plaintiff claims Safeco invoked the Appraisal Clause "months after good faith negotiations had obviously broken down," Plaintiff did not provide her final estimate until January 18, 2017, nine days before Safeco invoked the Appraisal Clause. (Doc. 23 at 9.) Ultimately, the Court cannot find a disputed issue of material fact as to the timeliness issue, or that Safeco unreasonably delayed invoking the Appraisal Clause under the facts and circumstances of this case.

As explained above, the general rule is that "summary judgment [is] proper where an appraisal [has] been invoked but the insured did not comply before filing

9

a complaint." *Dunn*, 786 P.2d at 652. Plaintiff has not demonstrated why that rule should not prevail here. Accordingly, the Court recommends that Safeco's motion for summary judgment be granted as to Count I of the Complaint, and that Count I be dismissed. However, because the Court has not considered the merits of Plaintiff's contractual claim, and because that claim may be viable after the completion of the appraisal process, the Court recommends that Count I be dismissed without prejudice.

### B. Summary Judgment as to Count II: Violation of the UTPA

As set forth above, the No Action Clause generally bars Plaintiff from filing suit against Safeco until she complies with the Appraisal Clause. The question remains, however, whether Count II of Plaintiff's Complaint, which asserts only extra-contractual claims under the UTPA, must also be dismissed.

There are decisions which arguably support dismissal of the UTPA claims, and others which arguably support a stay of the claims pending compliance with the appraisal process. In *Dunn*, for example, the Montana Supreme Court found the district court did not err in staying the plaintiff's bad faith claim until resolution of the breach of contract claim. *Dunn*, 786 P.2d at 653. The Federal District Court for the District of Idaho similarly stayed claims alleging breach of contract, negligence, and bad faith pending compliance with an appraisal clause in *Botai v. Safeco Insurance Co. of Ill.,* 2015 WL 4507486 (D. Idaho 2015). The Ninth

Circuit, on the other hand, has affirmed dismissal of bad faith claims where a plaintiff has not complied with an appraisal clause. *See Enger v. Allstate Insurance Company*, 407 Fed.Appx. 191 (9th Cir. 2010) ("Until an appraisal is completed, it is impossible to know whether [plaintiff's] claim in fact was undervalued such that her claims for breach of contract, breach of covenant of good faith and fair dealing, and Cal. Bus. & Prof. Code § 17200 *et seq.*, are viable.")

The Court finds that staying the UTPA claims is the appropriate course under the facts and circumstances in this case. There is some question whether the Appraisal Clause and No Action Clause even apply to all of Plaintiff's UTPA claims. Under the Montana UTPA, a plaintiff may bring a claim which is unrelated to the undervaluation or underpayment of a claim, and thus does not implicate an appraisal clause. For example, a claim may be asserted under Mont. Code Ann. § 33-18-201(1) if an insurer "misrepresent[s] pertinent facts or insurance policy provisions," or under § 33-18-201(6) if an insurer "neglect[s] to attempt in good faith to effectuate prompt, fair and equitable settlements of claims." Plaintiff has asserted claims under both of those subsections in this case, which claims may be unrelated to and independent of the appraisal process.

Nevertheless, Plaintiff has also asserted other UTPA claims which

clearly involve the undervaluation and underpayment of the claim by Safeco. In addition, since the underpayment of the claim is plainly the central thrust of Plaintiff's disagreement with Safeco, the result of the appraisal process will undoubtedly have a substantial impact on the viability of all of Plaintiff's claims.

Therefore, the most prudent course of action is to stay Count II of Plaintiff's Complaint pending completion of the appraisal process. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay of Plaintiff's claims in Count II will allow the parties the opportunity to comply with the Appraisal Clause, but will also promote efficiency and judicial economy by not requiring the parties to begin this litigation process anew if Plaintiff elects to pursue her claims after the appraisal is complete. Moreover, counsel for both parties agreed at oral argument that the parties would not suffer prejudice if Count II were stayed.

Therefore, the Court recommends that Safeco's Motion be denied with respect to Count II, and that the case be stayed as to that count until the parties complete the appraisal.

## V. Conclusion

Based on the foregoing findings, the Court makes the following recommendations:

(1)  that Safeco's Motion (Doc. 19) be **GRANTED** with respect to Count I of the Complaint (Doc. 15), and that Plaintiff's claim in Count I be dismissed, without prejudice;

(2)  that Safeco's Motion (Doc. 19) be **DENIED** with respect to Count II of the Complaint (Doc. 15); and

(3)  that the case be stayed pending resolution of the appraisal process.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.  D. Mont. Local Rule 72.3.

DATED this 26th day of January, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

13